I feel more than ever satisfied that this statute of 1910 does not contemplate an intervention of the nature now sought upon the part of an heir.
The proceeding is specifically defined by the statute to be a summary proceeding, and the proceeding is obviously for the special and specific purpose minutely described by the statute and calls for an adjudication of the elements set forth in the statute. The statute provides that upon the presentation of the petition "the chancellor shall direct notice of said application to be given in such manner and to such persons as to him shall seem proper."
In this case the chancellor has exercised that prerogative, the case has gone to a master, it has been heard, and the report now is with the chancellor for his approval. I am not *Page 429 
at this time asked to take up the sufficiency of the report, or whether the evidence which has been taken before the master justifies the order which the statute contemplates. My duty this morning is simply to determine whether an heir-at-law of an original grantor of this property shall be allowed to intervene at this time in this summary proceeding to the end that there may be a final adjudication touching the legal title to this property; an adjudication as to whether there has been a reverter which has vested the legal title absolutely in the heirs-at-law of the original grantor — or the petitioner as one of the heirs-at-law in an undivided share — or not. It is admitted, I understand, that a proceeding is already pending in the law courts in which the heirs seek an adjudication touching this title, and I see no reason why that proceeding should not continue to a final determination. That certainly is the appropriate tribunal to adjudicate a legal title of the nature now asserted. The heirs are the absolute owners of this property — the heirs-at-law of the original grantor back in 1810 are to-day the owners in fee of this property if their contention is sound, or if the contention of the present petitioner is sound. It is a legal title in all essential respects; it is such a title as a court of law should adjudicate and a court of equity should not pass upon unless there exists some equitable element to draw the case into a court of equity and the legal title should thus become an incident of the equitable claim rather than the primary question to be adjudicated. It belongs in the law court primarily and appropriately, and I feel convinced, as already suggested, that this statute does not contemplate this summary proceeding to adjudicate legal titles between contending parties. The intervention in this proceeding of a single heir, if appropriate, and if followed by an adjudication of legal title in favor or against the heir would not in any way affect the rights or interests of the other heirs, which I assume are necessarily numerous, and to make this proceeding wholly effective or beneficial it would be necessary to devise some sort of a process by which all the heirs can be ascertained and brought in, or all that it is found practicable to bring in. I can't think that is the scope of this statute creating this summary proceeding. *Page 430 
Of course, an order at this time denying the right of the petitioner to intervene should not be utilized as an embarrassment to the heir in any past or future claim against this property, and the order which I have determined to direct will so provide; but I will at this time deny the right of intervention sought by this petitioner on the grounds I have defined. I think the title should be adjudicated in the pending suit in the law court where it is now at issue.
If counsel will prepare an order in accordance with these views I will sign it.